**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 6 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DAVID R. HENDRICKS,

    Petitioner-Appellant,

v.

STEVE HARGETT,

    Respondent-Appellee,

    and

STATE OF OKLAHOMA,

    Respondent.

No. 98-6115
(W. District of Oklahoma)
(D.C. No. CIV-97-667-R)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **EBEL,** and **MURPHY**, Circuit Judges.

    After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

This case is before the court on David R. Hendricks' application for a certificate of appealability. Hendricks seeks to appeal the district court's denial of Hendricks' 28 U.S.C. § 2254 habeas corpus petition. Because Hendricks has failed to make a "substantial showing of the denial of a constitutional right," this court **denies** Hendricks' application for a certificate of appealability and **dismisses** this appeal.

Hendricks asserts that his Oklahoma convictions for kidnaping and first degree rape must be vacated because: (1) evidence of another crime was improperly admitted at his trial; (2) a knife was improperly admitted at trial; (3) a copy of his certificate of discharge from the Oklahoma Department of Corrections for a prior conviction was improperly admitted at trial; and (4) the prosecutor impermissibly vouched for the veracity of a prosecution witness. A magistrate judge issued a Report and Recommendation, which recommended that Hendricks' petition be denied. The magistrate thoroughly analyzed Hendricks' petition and concluded that all of the evidence identified by Hendricks was properly admitted and that even if it was not properly admitted, the evidence of guilt was so overwhelming that the admission did not render his trial fundamentally unfair. As to Hendricks' claim of prosecutorial misconduct, the

magistrate noted that Hendricks had taken the prosecutor's remarks out of context and that when read in context, the prosecutor's remarks could not be read as improper vouching. After *de novo* review, the district court adopted the Report and Recommendation and denied the petition.

This court has reviewed Hendricks' application for a certificate of appealability and appellate brief, the magistrate's Report and Recommendation, the District Court's Order, and the entire record on appeal. That review demonstrates that the district court's resolution of Hendricks' petition is not debatable among jurists of reason, subject to a different resolution by this court, or deserving of further proceedings. *See Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983). Because Hendricks has failed to make the required showing, this court **DENIES** his application for a certificate of appealability and **DISMISSES** this appeal. Furthermore, because Hendricks has not presented a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal, we **DENY** his request to proceed *in forma pauperis* on appeal.

ENTERED FOR THE COURT:


Michael R. Murphy
Circuit Judge